Earle, J.
Before I proceed to consider the main legal question, really involved, it may be well to dispose of that which arises out of the fact, that the plaintiff was not informed of the terms upon which the assignment was executed, when he agreed to become a party to the accommodation between the defendant and the creditors. The decree of the Circuit Court is conclusive upon the question of fact, and establishes that the consideration of the assignment by the defendant, was, that all the creditors who should receive a portion of the proceeds of his estate under it, were to accept such portion in entire discharge of their respective debts; that this condition was fully understood, and agreed to by all the creditors then present, with whom the composition, was made. The plaintiff was not present and therefore was not originally a party to the arrangement. But he was an attaching creditor; he was admitted to come in afterwards to participate in the benefits of the assignment: he discontinued his attachment as the others did, and was placed,' as he himself expressed, upon the same footing as the other creditors. Surely it was competent for him to bind himself by the terms which they had made, without being specially informed of them: and. as he has enjoyed an equal benefit with them from the assignment, he .cannot be allowed to disclaim so much of the terms binding on them as would operate to his prejudice.
The principal question then comes up; is the acceptance *52 of a portion of the creditor’s debt, under such, an assignment, in pursuance of-a parol agreement to release-the balance, a good discharge? For such an agreement to release a debt, whether in whole or in part, there must always be a valid and sufficient consideration. In Stroud vs. Stroud, decided this term, it was held that a parol release of a note, after due, there being no consideration, and the note not delivered up, was void and not binding. And it is equally clear and well settled, that an agreement or promise to accept a less sum, in discharge of a larger, is not obligatory; unless indeed at an earlier day, or a different place, whereby there might be some benefit derived, that would constitute consideration. This doctrine is as old as Purcel’s case, 3 Rep. 118, where it was resolved that the payment of a lesser sum on the day, could by no possibility be a satisfaction of a greater sum, although the delivery of a hawk, a horse, &c. in satisfaction would be good. And in Heathcote vs. Crookshanks, 2 Term R. 24, to an action of assumpsit for eighteen pounds and fourteen shillings, it was pleaded specially that on a composition among the creditors of the defendent, the plaintiff, as one of them, undertook to accept five pound and five shillings, in lieu of his whole debt, which the defendants had afterwards tendered. On demurrer the plea was held ill, that there was accord without satisfaction ; and therefore that such a promise is nudum pactum and not binding for want of a consideration, unless executed. In the earlier case of Cumber vs. Wane, 1 Stran. 426, which was a like case, where the defendant pleaded an agreement to accept a less sum, Pratt Oh. J. said “ as the plaintiff had a good cause of action, it can only be extinguished by a satisfaction he agrees to accept; and it is not his agreement alone that is sufficient, but it must, appear to the Court to be a reasonable satisfaction, or at least the contrary must not appear.”
In order therefore to sustain the defence here, it must appear that there was something more than a mere executory promise to accept' a part and relinquish the residue of the debt. And I think it very clear that it was an agreement executed, by the assignment on the part of the defendant, of his whole estate to trustees, and by the acceptance of a proportion on the part of the plaintiff and that there was therefore a valid and sufficient consideration for the discharge. *53 It was an executed agreement to accept the assignment in satisfaction, and therefore binding. The question is between a mere payment of a less sum, which is obviously no satisfaction, and an actual assignment of the debtor’s whole estate to trustees, by which the defendant himself is prejudiced and by which the plaintiff is assured of part of bis debt, and may secure the whole. For it must be borne in mind that it was not a part of the original agreement that less than the whole should be paid; but only that the whole estate should be applied to the debts in due proportion,'and if the whole was not paid the balance should be released. This conies up to what is said by Ld. Ellenborough in Fitch vs. Sutton, 5 East, 230, that “there must be some consideration for the relinquishment of the residue, something collateral to show a possibility of benefit to the party relinquishing bis further claim.” And it seems to meet precisely what is said by Buffer, Just, in Heathcote vs. Crookshanks, before cited. “If the debtor bad assigned over all his effects to a trustee, in order to make an equal distribution among all ¦ bis creditors, that would have been a good consideration in law for the promise.” From this it would seem that an actual acceptance of bis proportion was not necessary to bind the plaintiff. After such acceptance a fortiori be must be barred from recovering the balance of his debt. In further support of this defence may be cited the case of Walkinson vs. Inglesby & Stokes, 5 John. R. 386, where such an assignment by the defendants to trustees of their stock in trade and outstanding debts, in pursuance of an agreement by the plaintiff and other creditors to accept the same in satisfaction of their debts, was held to be a good bar to the plaintiff’s action of assumpsit on a promissory note. The property assigned and delivered on such agreement was held to be a legal satisfaction.
On principle and authority, the decree for the defendant must be sustained ; and the motion is refused.
Butler, J. I doubt too much in this case to sign the above opinion.